IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED PARCEL SERVICE OF AMERICA, INC. AND MNX GLOBAL INTERMEDIATE HOLDINGS, INC.<br><br>     *Plaintiffs*,<br><br>  v.<br><br>JOHN G. LABRIE,<br><br>     *Defendant*. | C.A. No. 1:25-cv-00179-CFC |

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER
GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL AND
HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY DISCOVERY MATERIAL**

  WHEREAS, the parties to the above-captioned action (the "Action") are engaged in discovery proceedings, which include, among other things, taking depositions and producing documents; and

  WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the parties to the Action (the "Parties," each a "Party") believe to be confidential and sensitive personal, financial, commercial, or business information; and

  WHEREAS, the Parties have agreed to the signing and entry of this Stipulation and Protective Order Governing the Production and Exchange of Confidential and Highly Confidential—Attorneys' Eyes Only Discovery Material (the "Stipulation and Order").

  IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that this Stipulation and Order shall govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests,

interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Action.

1. <u>Categories of Protected Information:</u>

    A. <u>Designation of Confidential Discovery Material.</u>  Any Producing Party may designate any Discovery Material as "Confidential" under the terms of this Stipulation and Order if such Party in good faith believes that such Discovery Material contains non-public, confidential, or proprietary information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material").  Confidential Discovery Material shall include all Discovery Material referring or relating to the foregoing and shall be designated as such in the manner described in Paragraph 2.

    B. <u>Designation of Highly Confidential—Attorneys' Eyes Only Discovery Material.</u>  Any Producing Party may designate any Discovery Material as "Highly Confidential—Attorneys' Eyes Only" under the terms of this Stipulation and Order if such Party in good faith believes that such Discovery Material contains: (1) information protected by a right to privacy under federal or state law or any other law relating to disclosure of personal or medical information; and/or (2) non-public financial or other commercially sensitive information, where, even under the restricted terms and conditions applicable to Discovery Material designated as Confidential Discovery Material, disclosure is substantially likely to cause injury to the Producing Party ("Highly Confidential—Attorneys' Eyes Only Discovery Material").  Highly Confidential—Attorneys' Eyes Only

Discovery Material shall include all Discovery Material referring or relating to the foregoing and shall be designated as such in the manner described in in Paragraph 2.

2. <u>Procedures to Designate Confidential Discovery Material and Highly Confidential—Attorneys' Eyes Only Discovery Material</u>.  The designation of Discovery Material as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall be made in the following manner, and such designation shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Party making the designation, and that there is a good faith basis for such designation:

A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only" to each page containing any Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Highly Confidential—Attorneys' Eyes Only" in the file or directory name, or by affixing the legend "Confidential" or "Highly Confidential—Attorneys' Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-ROM, flash drive, DVD).

B. In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 10 business days of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall be deemed Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material. The Parties

may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

      C.     In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material.

      3.     <u>Inadvertent Failure to Designate</u>.  The inadvertent failure to designate Discovery Material as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall not constitute a waiver of such claim and may be corrected.  A Producing Party may designate as Confidential or Highly Confidential—Attorneys' Eyes Only any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential or Highly Confidential—Attorneys' Eyes Only, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material, or (ii) in a manner consistent with Paragraph 2.  Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material so designated as Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material, and such Discovery Material shall be fully subject to this Stipulation and Order from the date of such supplemental notice forward.  The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material.  In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its

designation as Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraphs 4–5 of this Stipulation and Order.

    4.  <u>Limitations on Disclosure of Confidential Discovery Material.</u> Confidential Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A.  The Parties and the employees of the Parties, who are assisting with or making decisions concerning the Action, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Action for use in accordance with this Stipulation and Order;

    B.  Outside counsel who have appeared in and represent Parties in this Action, in-house counsel of the Parties, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Action for use in accordance with this Stipulation and Order;

C. Subject to Paragraph 7, Experts[1] assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such Experts (including outside copying services and outside support services) who are assisting with the Action;

D. Subject to Paragraph 8, witnesses or deponents, who, as demonstrated on the face of Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material or on the face of other Discovery Material, was the author, addressee, or an actual or intended recipient of such Discovery Material (or, in the case of meeting minutes, an attendee of the meeting) and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

E. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom; and

F. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

---

[1] "Expert," as used throughout this Stipulation and Order, is defined to mean a person with specialized knowledge or experience in a matter pertinent to this action, along with his or her employees and support personnel, who has been retained by a Party or its counsel to serve as an expert witness or a consultant in this Action. To serve as an expert witness or a consultant in this Action who receives or is anticipated to receive material designated Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material (designated or anticipated to be designated as such by an opposing Party) or compilations/summaries thereof, a person may not be (i) a current or recent employee of United Parcel Service of America, Inc., MNX Global Intermediate Holdings, Inc., or related entities or subsidiaries ("UPS"), meaning anyone who has worked for such an entity since January 1, 2023; or (ii) an individual who, at the time of retention or at any point thereafter, is anticipated to become an employee of any Party.

5. <u>Limitations on Disclosure of Highly Confidential—Attorneys' Eyes Only Discovery Material.</u> Highly Confidential—Attorneys' Eyes Only Discovery Material may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

A. Outside counsel who have appeared in and represent Parties in this Action, in-house counsel of the Parties in this Action, and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Action for use in accordance with this Stipulation and Order;

B. Subject to Paragraph 7, Experts assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such Experts (including outside copying services and outside support services) who are assisting with the Action;

C. Subject to Paragraph 8, witnesses or deponents, who, as demonstrated on the face of Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material or on the face of other Discovery Material, was the author, addressee, or an actual or intended recipient of such Discovery Material (or, in the case of meeting minutes, an attendee of the meeting) and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Action;

D. The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Action or any appeal therefrom; and

E. Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party

who provided the Discovery Material being disclosed, and provided that such person signs an undertaking in the form attached as Exhibit A hereto.

  F. Labrie, only in hard copy at counsel's office or electronically via shared screen, and only if, as demonstrated on the face of the Confidential Discovery Material or Highly Confidential Attorneys' Eyes Only Discovery Material or on the face of other Discovery Material, he was the author, addressee, or an actual or intended recipient of such Discovery Material (or, in the case of meeting minutes, an attendee of the meeting); only to the extent necessary to conduct or prepare for his deposition or testimony in this Action; and only for (i) the extent of time necessary to prepare for or participate in such deposition or testimony in this Action or (ii) for three (3) weeks before such deposition or testimony in this Action, whichever is shorter; provided, however, that counsel for Labrie may, as necessary and at any time during this Action, communicate to Plaintiffs' counsel regarding the disclosure of specific Highly Confidential Attorneys' Eyes Only Discovery Material by:

  a. disclosing in writing to counsel for Plaintiffs the specific Highly Confidential Attorneys' Eyes Only Discovery Material—by Bates number or other such objective identifier—that counsel for Labrie seeks permission to share with Labrie; disclosing the purpose of such use; and proposing time period and access limitations for such Highly Confidential Attorneys' Eyes Only Discovery Material—such as review by Labrie only in hard copy at counsel's office or electronically via shared screen; and

  b. allowing counsel for Plaintiffs three (3) business days to respond to such request and provide counterproposals, if any; and

   c. if counsel for Plaintiffs and counsel for Labrie are unable to agree on Labrie's access to specific Highly Confidential Attorneys' Eyes Only Discovery Material pursuant to this Paragraph, the parties shall follow the procedure in Paragraph 6 of the Court's Scheduling Order regarding Disputes Relating to Discovery Matters and Protective Orders.

 6. Depositions.  To the extent that testimony is sought concerning Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material may not be disclosed to such person under the terms of this Stipulation and Order.

 7. <u>Experts.</u>  Notwithstanding Paragraphs 4(C) and 5(B) above, Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material may be provided to persons listed therein only to the extent necessary for such Expert to prepare a written opinion, to prepare to testify, or to assist counsel in this Action, provided that such Expert is using said Discovery Material solely in connection with this Action; and further provided that such Expert agrees to be bound by the terms of this Stipulation and Order by signing an undertaking in the form attached as Exhibit A hereto.  Counsel for the Party showing, providing, or disclosing Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.  In addition, the following procedure shall be followed before disclosure of Confidential

Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material to an Expert:

  A. Before disclosure of Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material to any Expert in relation to this Action, outside counsel shall provide written notice to outside counsel for the Producing Party designating Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material of the intention to make such disclosure. That notice shall include the name, address, position, and current curriculum vitae of the Expert. That notice shall further include a list of all proceedings in which the Expert has testified by deposition or at hearing or trial and all companies for which the Expert has consulted or worked during the last five (5) years.

  B. If the Producing Party designating Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material does not object in writing to the proposed disclosure within ten (10) calendar days of receipt of the written notice, the Producing Party designating Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall be deemed to have waived objection to the disclosure, and its agreement to disclosure shall be assumed. If the Producing Party designating Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material objects in writing to the proposed disclosure within ten (10) calendar days of receipt of the written notice, the Producing Party designating Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall, within seven (7) calendar days of its objection, file a motion to prevent such disclosure. During the thirty-day notice period and during the pendency of any such

objection, no Discovery Material designated as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material may be shared with the Expert.

8. <u>Witnesses.</u>  Notwithstanding Paragraphs 4(D) and 5(C) above, Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation and Order by making such a statement on the record, and/or by signing the declaration in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation and Order.  Counsel for the Party showing, providing, or disclosing Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. <u>Purposes.</u>  Discovery Material shall be used solely for purposes of this Action and shall not be used for any other purpose unless otherwise agreed by the Parties.

10. <u>Notice of Stipulation and Order.</u>  Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and Order and may not be disclosed or used for purposes other than those permitted hereunder.  Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure.  Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and Order and notify the non-Party that the protections of this Stipulation and Order are available to such non-Party.

11. <u>Documents To Be Filed Under Seal.</u>  Any pleading, brief, memorandum, motion, letter, affidavit, or other document filed with the Court (a "Filing") that discloses, summarizes, describes, characterizes, or otherwise communicates Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material (a "Filing Under Seal") must be filed "under seal" (by the filing party) with the Clerk of Court pursuant to the procedures set forth in Federal Rule of Civil Procedure 5.2, District of Delaware Local Rule 5.1.3, ECF/CM requirements, and any scheduling order entered by the Court in this Action.

12. <u>Objections to Designation.</u>  During the pendency of this Action, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation.  While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material pursuant to this Stipulation and Order.  The provisions of this Stipulation and Order are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, which burden remains on the Party that designates such Discovery Material or testimony as Confidential or Highly Confidential—Attorneys' Eyes Only.

13. <u>Additional Safeguards; Modifications; No Waiver.</u>  The Parties reserve the right to apply, pursuant to Federal Rule of Civil Procedure 26(c), for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation and Order.  Entering into this Stipulation and Order, or agreeing to and/or

producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation and Order, shall not:

  A. Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

  B. Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

  C. Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material or contains or reflects any other type of confidential information;

  D. Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material should be subject to the terms of this Stipulation and Order;

  E. Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

  F. Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

  G. Preclude any Party from objecting to discovery that it believes to be otherwise improper;

      H.      Operate as a waiver of any attorney-client, work product, business strategy, or other common law or statutory privilege or work product protection; or

      I.      Limit, in any way, any Party's use of Discovery Material that it produces or Discovery Material obtained independently and lawfully from sources other than a Producing Party, except that: to the extent a Producing Party produces Discovery Material that a receiving Party designates as Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, such designated Discovery Material shall be treated in accordance with this Stipulation and Protective Order.

14.      <u>Inadvertent Production of Privileged Material</u>.  If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity, or any other ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

      A.      A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

      B.      If a claim of inadvertent production is made pursuant to this Stipulation and Order, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production material shall: (i) refrain from any further examination or disclosure of the claimed Inadvertent Production Material; (ii) if requested,

promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court.

    C. A Party may move the Court for an order compelling production of the claimed Inadvertent Production Material; however, while such motion is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion unless requested by the Court.

  15. <u>Additional Parties.</u> In the event additional Parties join or are joined in this Action, they shall not have access to Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material until the newly joined Party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation and Order.

  16. <u>Binding Pending Judicial Approval.</u> The Parties agree to be bound by the terms of this Stipulation and Order pending the entry by the Court of this Stipulation and Order, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation and Order had been entered by the Court.

  17. <u>Disclosure in Court Proceedings or at Trial.</u> Prior to any court proceeding in which Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery

Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

18. <u>Return or Destruction of Confidential or Highly Confidential—Attorneys' Eyes Only Discovery Material.</u>  Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Action, or any other proceeding in which Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality and shall not disclose the portions of such court papers, depositions, trial transcripts, and litigation files (including attorney work product and discovery material) that contain Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

19.     <u>Non-Disclosure; Notice.</u>  No receiver of Discovery Material ("Receiver") shall reveal any Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material under the terms of this Stipulation and Order.  In the event that Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation and Order, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made.  The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material or Highly Confidential—Attorneys' Eyes Only Discovery Material by each unauthorized person who receives the information.

20.     <u>Non-Parties.</u>  The Parties agree that the production of any Discovery Material by any non-Party shall be subject to and governed by the terms of this Stipulation and Order.

21.     <u>Other Proceedings</u>.  By entering this Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Order who becomes subject to a motion to disclose another Party's information designated "Confidential" or "Highly Confidential—Attorneys' Eyes Only" pursuant to this order shall

promptly notify that Party of the motion so that the Party may have an opportunity to appear and be heard on whether that information should be disclosed.

| | |
|---|---|
| Dated: April 8, 2025 | Respectfully submitted, |
| OF COUNSEL: | |
| | /s/ *Timothy R. Dudderar* |
| JASON C. SCHWARTZ (*pro hac vice*) | TIMOTHY R. DUDDERAR (#3890) |
| THOMAS J. MCCORMAC IV (*pro hac vice*) | POTTER ANDERSON & CORROON LLP |
| GIBSON, DUNN & CRUTCHER LLP | 13131 N. Market Street, 6th Floor |
| 1700 M Street, N.W. | Wilmington, DE 19801-6108 |
| Washington, D.C. 20036-4504 | Telephone: 302.984.6168 |
| Telephone: 202.955.8500 | TDudderar@potteranderson.com |
| jschwartz@gibsondunn.com | |
| tmccormac@gibsondunn.com | *Attorneys for United Parcel Service of America, Inc. and MNX Global Intermediate Holdings, Inc.* |
| CHRISTINE DEMANA (*pro hac vice*) | |
| GIBSON, DUNN & CRUTCHER LLP | |
| 2001 Ross Avenue, Suite 2100 | |
| Dallas, Texas 75201-2911 | |
| Telephone: (214) 698-3100 | |
| CDemana@gibsondunn.com | |

*Attorneys for United Parcel Service of America, Inc. and MNX Global Intermediate Holdings, Inc.*

/s/ *Aaron P. Sayers*
AARON P. SAYERS (#6373)
MCDERMOTT WILL & EMERY LLP
The Brandywine Building
1000 N. West Street, Suite 1400
Wilmington, DE 19801
Tel: (302) 485-3906
asayers@mwe.com

*Attorneys for John G. Labrie*

IT IS SO ORDERED this ___ day of _____, 2025.

_____
District Judge Colm F. Connolly